IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00487-BNB

DERRIS RUSSELL MAYBERRY,

      Applicant,

v.

2nd JUDICIAL DISTRICT COURT,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Derris Russell Mayberry, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Applicant paid the $5 filing fee.

      The Court must construe the Application liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The action will be dismissed for the following reasons.

      Applicant states that he pled not guilty on August 2, 2013, in a state criminal proceeding, and a jury trial was set for October 29, 2013.  Applicant further states that on October 21, 2013, the trial court granted the prosecution's request for a continuance until December 3, 2013; and, on December 2, the trial court granted defense counsel's

request for a continuance over Applicant's objection.  Applicant also states that his

request for substitute counsel was denied; his counsel's request to withdraw was

denied; trial was set for February 4, 2014, and reset for April 22, 2014, due to the

alleged victim's inability to appear; and his speedy trial deadline now is June 2, 2014.

Applicant contends that, as a result of the continuances, he has been denied his rights

to a speedy trial and to effective assistance of counsel.

Absent extraordinary or special circumstances, federal courts are prohibited from

interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37

(1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention under

*Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d

1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or
> administrative proceedings.  Second, the state court must
> offer an adequate forum to hear the federal plaintiff's claims
> from the federal lawsuit.  Third, the state proceeding must
> involve important state interests, matters which traditionally
> look to state law for their resolution or implicate separately
> articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).  If the three requirements are

met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the

case.  *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th

Cir. 2001).

The first condition is met because Applicant's charges remain pending against

him in his state court criminal case. With respect to the second condition, Applicant fails

to demonstrate the absence of an adequate opportunity to present his claims in the

state proceedings.  The fact that Applicant objected to the continuances but has not

2

obtained the relief he seeks in state court does not mean that he has not had, or does

not have, an adequate opportunity to present his federal claims in the state court

proceedings.  The third condition also is met because the Supreme Court "has

recognized that the States' interest in administering their criminal justice systems free

from federal interference is one of the most powerful of the considerations that should

influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36,

49 (1986) (citing *Younger*, 401 U.S. at 44-45).

　　To establish extraordinary or special circumstances that would override

abstention in this case, Applicant must be facing an irreparable injury that is both great

and immediate.  *See Younger*, 401 U.S. at 46.  The exceptions to *Younger* provide only

for a "very narrow gate for federal intervention."  *Phelps*, 59 F.3d at 1064 (internal

quotation marks omitted).  Applicant, however, "may overcome the presumption of

abstention 'in cases of proven harassment or prosecutions undertaken by state officials

in bad faith without hope of obtaining a valid conviction and perhaps in other

extraordinary circumstances where irreparable injury can be shown.' "  *Phelps*, 122 F.3d

at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  Courts have considered

three factors in determining whether a prosecution is commenced in bad faith or to

harass:

> (1) whether it was frivolous or undertaken with no reasonably
> objective hope of success; (2) whether it was motivated by
> the defendant's suspect class or in retaliation for the
> defendant's exercise of constitutional rights; and (3) whether
> it was conducted in such a way as to constitute harassment
> and an abuse of prosecutorial discretion, typically through
> the unjustified and oppressive use of multiple prosecutions.

*Id*.  It is Applicant's " 'heavy burden' to overcome the bar of *Younger* abstention by

setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Applicant fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.  He also fails to demonstrate any improper motivation for the charges.  Finally, there is no indication that the criminal case against Applicant has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.  Applicant fails to state any facts to indicate that he will suffer great and immediate irreparable injury if this Court does not intervene in the ongoing state court criminal proceedings.  His claims are conclusory and insufficient to meet the exception to *Younger* abstention. "[I]t is the [applicant's] heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps*, 122 F.3d at 889 (internal quotation marks omitted).

Accordingly, the state court proceeding offers Applicant a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues.  *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention "'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests'") (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))).

Because none of the *Younger* abstention doctrine exceptions apply, this Court will abstain from exercising jurisdiction over the Application and will refrain from discussing exhaustion issues.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without

prejudice for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this   28th   day of    February        , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court